
RECEIVED
DEC 0 9 2005

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TERRY LEJEUNE | CIVIL ACTION NO. 03-0089 |
| VERSUS | JUDGE DOHERTY |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court are several motions in limine that have been filed by the defendant, Transocean Offshore Deepwater Drilling, Inc. They include:

(a) Motion in Limine to Exclude the Testimony of Glenn M. Hebert and R. Douglas Womack, Ph.D. [Doc. 34];

(b) Motion in Limine to Exclude the Testimony of Dr. Gabor Racz [Doc. 35.]; and

(c) Motion in Limine to Exclude the Testimony of Dr. Leo deAlvare and Dr. Clifton Shepherd [Doc. 45].

The motions are opposed by the plaintiff. These motions originally were scheduled for oral argument on December 13, 2005; however, this Court has determined, upon closer review of the motions and the arguments made in association therewith, that oral argument would not be helpful to this Court's ruling on the pending motions and, for that reason, oral argument will be CANCELLED.

The defendant presents challenges to the testimony of the various witnesses named in the limine motions:

- concerning the testimony of Dr. Womack and Glenn Hebert, the defendant argues that they formulated their opinions on the basis of (a) a belief that Mr. LeJeune would have an internal dorsal column stimulator implanted in his body when, in fact, he had peripheral nerve stimulator, and (b) an unfounded assumption that Mr. LeJeune could

not engage in any gainful activity for the remainder of his life; and

- concerning the testimony of Drs. Gabor Racz, Leo deAlvare and Clifton Shepherd, the defendant argues that they failure to follow either (a) their own protocols or (b) medically-accepted protocols for the diagnosis and treatment of the condition for which Mr. LeJeune has been treated, therefore, that their diagnosis and treatment of Mr. LeJeune does not comport with <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993) ( the defendant has not explained why <u>Daubert</u> applies to exclude *treating physicians'* reports about what treatment they administered).

Having closely reviewed the arguments presented by the defense, this Court finds that the issues raised in the pending motions require a close evaluation of the specific testimony to be presented at trial, which testimony will have to be evaluated in light of other evidence that might or might not be contained within the record. The bases for complaint identified by the defendant in their motions will be adequately addressed at trial through the mechanism of cross-examination, particularly in light of the fact that this matter will be tried to the bench, and not to a jury. Once the evidence is presented – and challenged – at trial, this Court will make a determination as to whether it will be admitted and, if so, the weight to be accorded to such testimony.

In light of the foregoing, the motions will be denied at this time without prejudice to the defendants' ability to challenge the testimony at trial.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of December, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-2-